NOT DESIGNATED FOR PUBLICATION

No. 118,719

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHENA ROSHAWN DREYFUS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed July 6, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Shena Dreyfus appeals the district court's decision to revoke her probation and require her to serve her underlying prison sentence. Dreyfus suggests that the district court should have given her another chance at probation rather than send her to prison.

But Dreyfus admitted to committing two new offenses while on probation: domestic violence/destruction of property and interference with a law-enforcement officer. And that gave the district court the discretion to send Dreyfus to prison. We find no abuse of discretion in the district court's decision to do so.

Dreyfus appeared before the district court for sentencing in four separate cases—three of which involved crimes she committed in 2016, and the fourth for crimes committed in 2017. The district court sentenced Dreyfus to a total of 24 months of probation for her offenses in all of the cases.

In her 2017 case (the only one at issue here), the court sentenced Dreyfus to probation after she pleaded guilty to one count of theft, a nonperson felony, and battery, a person misdemeanor. The underlying sentence for Dreyfus' theft conviction was 13 months in prison; the underlying sentence for her battery conviction was six months. The underlying sentences ran concurrent to each other, so Dreyfus would spend 13 months in prison on these convictions if she didn't successfully complete probation.

About one week after she was sentenced to probation, the State issued an arrest warrant alleging that Dreyfus violated her probation by committing a new crime (interference with a law-enforcement officer), failing to follow her curfew restrictions, using drugs or alcohol, and not reporting to her probation officer. Two days later, another warrant was issued against Dreyfus, this time claiming she failed to obey her curfew and committed a second new crime (destruction to property).

Dreyfus appeared before the court for a probation-violation hearing, which took place about three months after the court had initially sentenced her to probation. Dreyfus admitted to committing all of the probation violations the State alleged against her. The State asked the district court to revoke Dreyfus' probation and order her to serve her underlying sentences because Dreyfus was "either unable or unwilling to comply with the conditions of probation."

Dreyfus' attorney, on the other hand, asked the court to give Dreyfus another chance at probation and "follow the graduated sanctions track." He explained how Dreyfus had taken steps to deal with her mental-health and substance-abuse issues. Dreyfus' attorney

2

argued that Dreyfus had a relatively low criminal-history score ("C") and was employed as an overnight certified-nursing aide. He concluded by requesting that the court consider Dreyfus' mental-health issues so she could "reintegrate herself [into] society and get the help that she needs." When Dreyfus personally addressed the court, she acknowledged having "messed up" on probation, but said she was trying to get her life back together.

The district court noted that Dreyfus had more than 30 prior convictions listed on her presentence-investigation report, including thefts by deception and numerous public-safety offenses like driving with a suspended license and not carrying insurance. The district court ultimately agreed with the State and revoked Dreyfus' probation, concluding that Dreyfus' criminal history showed her "general inability to comply with the law." The court modified three of Dreyfus' sentences, but declined to change her sentence in the case at issue here for theft and battery convictions. The court ordered Dreyfus to serve 26 months in prison—a total of 13 months for her 2016 crimes (which she would serve at the same time) followed by 13 months for her 2017 crimes.

When a convicted felon violates her terms of probation, Kansas law generally provides that she receive an intermediate sanction—such as a short jail stay followed by a return to probation—rather than being sent to prison on the first violation. K.S.A. 2017 Supp. 22-3716(c)(1). But intermediate sanctions aren't required when the offender commits a new crime. See K.S.A. 2017 Supp. 22-3716(c)(8). Dreyfus admitted to committing two new crimes while on probation, so the district court was entitled to order her to serve her underlying sentences.

Accordingly, we review the district court's decision in Dreyfus' case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). We find nothing unreasonable about the district court's decision here.

Although Dreyfus was dealing with some tough situations while she was on probation, she nonetheless committed several probation violations—including two new crimes—less than two weeks after being sentenced to probation. A reasonable person could believe Dreyfus wasn't amenable to probation and thus agree with the district court's decision to make her serve her underlying sentences.

On Dreyfus' motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Dreyfus' probation.

We affirm the district court's judgment.

4